UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────

SITT ASSET MANAGEMENT, LLC and
AROOSTOOK CENTRE, LLC,

                  Plaintiffs,

      - against -

LOWE'S HOME CENTERS, INC.,

                Defendant.
────────────────────────────────────

      12 Civ. 7682 (JGK)

      <u>MEMORANDUM OPINION</u>
      <u>AND ORDER</u>

JOHN G. KOELTL, District Judge:

    The plaintiffs--Sitt Asset Management, LLC ("Sitt Asset")
and Aroostook Centre, LLC ("Aroostook")--bring this action
against the defendant, Lowe's Home Centers, Inc. ("Lowe's").
The plaintiffs seek to recover from Lowe's the amount they paid
to two real estate brokers pursuant to a settlement regarding
brokerage commissions.  The plaintiffs assert a single claim of
unjust enrichment, alleging that Lowe's wrongfully refused to
reimburse the plaintiffs for the cost of the brokerage
commissions.  Lowe's argues, among other defenses, that it has
not been unjustly enriched by the fact that the plaintiffs
settled their liability to pay brokerage commissions arising
from a litigation to which Lowe's was never a party.  Lowe's now
moves to dismiss the Complaint for failure to state a claim upon
which relief can be granted, pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  For the reasons explained below, the motion to dismiss is granted.

## I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken.  See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

## II.

The following facts are accepted as true for the purposes of this motion, unless otherwise indicated.

Aroostook is the owner of the Aroostook Centre Mall (the "Mall") in Presque Isle, Maine.  (Compl. ¶ 6.)  Sitt Asset is the registered agent for Aroostook.  (Compl. ¶ 7.)  Lowe's is a retail department store specializing in home improvement, hardware, and home appliances.  (Compl. ¶ 8.)  In October 2005, Aroostook and Lowe's entered into a lease agreement (the "Ground Lease"), wherein Aroostook leased to Lowe's a commercial space located in the Mall.  (Compl. ¶ 9; Sitt Aff. Ex. 1.)  Lowe's allegedly used commercial real estate brokers to negotiate and finalize the Ground Lease.  (Compl. ¶ 10.)  The payment of any brokerage commissions associated with the Ground Lease was not

negotiated between Aroostook and Lowe's, nor was it provided for the Ground Lease.  (Compl. ¶ 11.)

In 2011, Keypoint Partners, LLC (formerly known as Finard & Company, LLC) ("Keypoint") and The Dartmouth Company, Inc. ("Dartmouth") commenced an action (the "Brokerage Action") against Sitt Asset and Aroostook, seeking recovery of commercial brokerage commissions in connection with the Ground Lease. (Compl. ¶ 12.)  Lowe's was not a party to the Brokerage Action. (Compl. ¶ 13.)  A jury awarded Keypoint and Dartmouth the fair value of their brokerage services under a theory of quantum meruit.  Finard & Co., LLC v. Sitt Asset Mgmt., 945 N.E.2d 404, 407 (Mass. App. Ct. 2011).  Judgment was entered in favor of Keypoint and Dartmouth and against Sitt Asset and Aroostook, in the amount of $833,091.70.  (Compl. ¶ 14.)  The Appeals Court of Massachusetts later affirmed the jury verdict on appeal.  Finard & Co., 945 N.E.2d at 409.

Subsequently, the parties to the Brokerage Action entered into a settlement agreement (the "Settlement Agreement"), whereby the judgment was to be fully satisfied in exchange for installment payments by Sitt Asset and Aroostook totaling $750,000.  (Compl. ¶ 17.)  By about April 2012, Sitt Asset and Aroostook made all payments required under the Settlement Agreement for a total amount of $750,000.  (Compl. ¶ 19.)

Lowe's did not make any payments towards the brokerage commissions of Keypoint or Dartmouth.  (Compl. ¶ 20.)

In September 2012, the plaintiffs filed a complaint against Lowe's in the Supreme Court of the State of New York, New York County, alleging a single cause of action for unjust enrichment. The Complaint alleged that "[e]quity and good conscience require restitution for the amount paid by Sitt Asset and Aroostook on behalf of Lowe's." (Compl. ¶ 27.)  In October 2012, Lowe's removed the action to this Court on the grounds of complete diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441(a).  Lowe's now moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III.

Lowe's presents four arguments in support of its motion to dismiss: (1) the plaintiffs' claim is time-barred; (2) the plaintiffs are collaterally estopped from seeking relief from Lowe's; (3) the written lease agreement precludes any claim for unjust enrichment; and (4) the plaintiffs have failed to state a claim for unjust enrichment.

### A.

First, Lowe's argues that the plaintiffs' claim--to the extent it is based on the brokerage services as the conferred

benefit--is time-barred.  Under Maine law, the statute of
limitations for unjust enrichment is six years.[1]  See In re
Estate of Miller, 960 A.2d 1140, 1146 (Me. 2008).  "Generally
speaking a cause of action accrues when a plaintiff receives a
judicially cognizable injury."  Maine Mun. Emps. Health Trust v.
Maloney, 846 A.2d 336, 339 (Me. 2004) (citation omitted).

       The Complaint itself is unclear as to whether the alleged
benefit conferred on Lowe's was the brokerage services (Compl.
¶ 22) or the plaintiffs' payment of the brokerage commissions
"on behalf of Lowe's" (Compl. ¶¶ 26-28).  Any claim based on the
brokerage services as the conferred benefit would be time-
barred, because the cause of action would have accrued no later
than October 2005, at the time the Ground Lease was signed.
This action was filed in September 2012, more than six years
later.

       In any event, the plaintiffs clarified at Oral Argument
that they are not alleging that the conferred benefit was the
brokerage services, but rather that the conferred benefit was
their payment of the brokerage commissions.  (Tr. of Oral
Argument held on May 31, 2013, at 12-13.)  Accordingly, the
statute of limitations would not bar the plaintiffs' claim, to

---

[1] The parties agree that Maine law governs the claim for unjust
enrichment based on the brokerage commissions for the lease of
the Maine property.  (Tr. of Oral Argument held on May 31, 2013,
at 11.)

the extent it is based on their payment of the brokerage
commissions as the conferred benefit.

### B.

It is unnecessary to reach the second and third arguments
put forth by Lowe's, because it is plain that the plaintiffs
have failed to state a claim for unjust enrichment.  To state a
claim for unjust enrichment under Maine law, a plaintiff must
sufficiently allege that: (1) the plaintiff conferred a benefit
on the defendant; (2) the defendant had appreciation or
knowledge of the benefit; and (3) the defendant's acceptance or
retention of the benefit was under such circumstances as to make
it inequitable for the defendant to retain the benefit without
payment of its value.  See Surplec, Inc. v. Me. Pub. Serv. Co.,
501 F. Supp. 2d 195, 199 (D. Me. 2007) (citing Me. Eye Care
Assocs. P.A. v. Gorman, 890 A.2d 707, 712 (Me. 2006)).  "This
theory permits recovery for the value of the benefit retained
when there is no contractual relationship, but when, on the
grounds of fairness and justice, the law compels performance of
a legal and moral duty to pay . . . ."  Id. (quoting Forrest
Assocs. v. Passamaquoddy Tribe, 760 A.2d 1041, 1046 (Me. 2000))
(internal quotation marks omitted).

Here, the plaintiffs assert that the benefit conferred on
Lowe's was their payment of the brokerage commissions "on behalf

of Lowe's."  (Compl. ¶¶ 26-28.)  However, the plaintiffs'
payment to the brokers was pursuant to the Settlement Agreement,
which was solely between the plaintiffs and the brokers.  Lowe's
was not a party to the Brokerage Action[2] or the Settlement
Agreement, and was not affected by this settlement payment.
Lowe's received no benefit from the settlement payment the
plaintiffs made to resolve their own liability to the brokers.

The brokers had sued the plaintiffs under a theory of
quantum meruit for the value of their brokerage services--the
benefit the brokers conferred on the plaintiffs by obtaining a
tenant for the plaintiffs' property.  The brokers did not sue
Lowe's, and any claim based on their brokerage services as the
conferred benefit would now be time-barred.

Because the plaintiffs did not relieve Lowe's of any
payment obligations, the plaintiffs' settlement payment to the
brokers cannot constitute a "benefit" to Lowe's under an unjust
enrichment theory.  See, e.g., Hart v. Akzo Nobel Chems., Inc.,
No. 99-126-B, 2000 WL 761892, at *6 (D. Me. Jan. 20, 2000)
(plaintiff conferred no benefit on defendant where defendant
failed to pay commissions to plaintiff and had no duty to do
so).  Under such circumstances, it could not be said that Lowe's

---

[2] Indeed, the plaintiffs could have impleaded Lowe's into the
Brokerage Action and asserted a claim for contribution or
indemnification against Lowe's, see Mass. R. Civ. P. 14(a), but
they did not do so.

retained a benefit for which equity compels it to pay.  See id.
Therefore, the plaintiffs have failed to state a claim for
unjust enrichment, and it is plain that the Complaint must be
dismissed on this ground.

## CONCLUSION

The Court has considered all of the arguments of the
parties.  To the extent not specifically addressed above, the
remaining arguments are either moot or without merit.  For the
foregoing reasons, the defendant's motion to dismiss is **granted**.
The Clerk is directed to enter judgment and to close this case
and all pending motions.

**SO ORDERED.**

**Dated:**     **New York, New York**
          **August 1, 2013**              ___/s/_____
                                          **John G. Koeltl**
                                 **United States District Judge**